The STATE of Ohio, Appellee,

v.

SPENCER, Appellant.

[Cite as *State v. Spencer* (1997), 118 Ohio App.3d 871.]

Court of Appeals of Ohio,
Eighth District, Cuyahoga County.

No. 70775.

Decided March 31, 1997.

*Stephanie Tubbs Jones,* Cuyahoga County Prosecuting Attorney, and *James A. Gutierrez,* Assistant County Prosecuting Attorney, for appellee.

*Gold, Rotatori & Schwartz Co., L.P.A., Gerald S. Gold* and *John S. Pyle,* for appellant.

DYKE, Judge.

Dr. Jerry Spencer was indicted for prescribing methadone to eight of his patients over a period of two and one-half years, without a license to operate an addiction treatment program, pursuant to R.C. 3793.11. A jury reviewed the evidence presented by the state and on behalf of appellant's defense and found appellant to be guilty. The trial court sentenced appellant to six months' incarceration and a fine of $2,500. The second count of obstruction of justice was

dismissed upon defense counsel's Crim.R. 29 motion to dismiss after the close of the state's case in chief.

Appellant filed a timely appeal to this court and raises six assignments of error. The fifth assignment of error reads as follows:

"Trial court committed prejudicial error by failing to declare a mistrial during jury deliberations when one of the jurors contacted twelve (12) doctors during the weekend recess and disclosed the fact that he had made such contacts to the entire jury panel."

We will review the merits of appellant's fifth assignment of error first because it is dispositive of the appeal.

Appellant asserts that the prevailing party has the burden to demonstrate on appeal that the misconduct of contacting the twelve doctors was not prejudicial under the circumstances. Appellant argues that the court erred in failing to hold a hearing to determine whether the juror was influenced by the doctors whom he contacted. Therefore, the court had no basis to conclude that the presumption of prejudice was rebutted. Appellant's argument is well taken.

The trial court held a hearing after it was revealed that one of the jurors had made the statement while in the deliberation room with the other eleven jurors that he or she had contacted twelve doctors over the weekend recess. The trial court judge questioned the jury foreman to determine exactly what was said in the presence of the other jurors. The foreman repeated the statement which the juror made, that he or she had contacted the twelve doctors about prescribing methadone. In response to the court's questioning the foreman said that the other jurors immediately reminded the juror that they were ordered not to discuss or try to review facts outside of the information given to them. Nothing else was said in the deliberation room regarding the outside information.

The trial court determined that it would not taint the jury by individually questioning them about any influence this misconduct may have had. Instead, the trial court gave the jury an explicit instruction as to the parameters of the evidence before them for their consideration. The court issued a stern warning about using any outside information: "You are to reject any discussion of outside comments or opinions altogether." An hour after the court gave the jury the instructions to resolve the juror misconduct, the jury returned with a guilty verdict.

The Ohio Supreme Court has determined that a presumption of prejudice arises whenever juror misconduct is discovered. *State v. Phillips* (1995), 74 Ohio St.3d 72, 88, 656 N.E.2d 643, 660–661. The burden then shifts to the prevailing party to demonstrate that the misconduct was not prejudicial. *State v. King* (1983), 10 Ohio App.3d 161, 10 OBR 214, 460 N.E.2d 1383. The act of the

juror in contacting outside sources for information was clearly inappropriate juror misconduct. Upon learning of this, the trial court immediately held a hearing to determine the effect of the juror's statement on the deliberations. The foreman's testimony serves to rebut any presumption of prejudice to the appellant as to the other jurors.

The trial court chose to issue the curative instructions to the entire jury, without singling out the juror who conducted his or her own investigation. As to the competency of that particular juror to sit as a juror, we cannot presume that the curative instructions overcame any prejudice and that appellant then received the benefit of twelve impartial jurors. The trial court was required to inquire of that particular juror to determine whether he or she remained impartial after the independent investigation.

In *State v. King, supra*, 10 Ohio App.3d 161, 10 OBR 214, 460 N.E.2d 1383, the trial court found a juror to be impartial after making an independent inquiry of an attorney he knew as to the definition of involuntary manslaughter. After conducting a hearing with the juror, the court determined that the attorney had refused to give the juror any information. The appellate court, upon review of the trial court's decision to retain the juror, found:

"[T]he presumption of prejudice was rebutted in the instant case. First, the trial court came to the factual conclusion after hearing from Yelmgren that he was honest and sincere, that he did not obtain any misleading definition or statement of the law from his inquiries outside the courtroom, and that his views were not 'tainted.' We are not inclined to substitute our judgment for the trial court's about Yelmgren's credibility and impartiality." *State v. King*, 10 Ohio App.3d at 166, 10 OBR at 219, 460 N.E.2d at 1388.

When one of the jurors in a civil medical malpractice suit contacted a doctor to resolve one of the issues raised in the trial, the trial court resolved the presumption of prejudice by removing the juror and proceeding with seven on the jury. *Bell v. Mt. Sinai Med. Ctr.* (June 2, 1994), Cuyahoga App. No. 63424, unreported, 1994 WL 245900. While the present case required a full jury to determine the criminal matter before it, the trial court could have replaced the biased juror with an alternate and proceeded.

We further find that Evid.R. 606(B) was not applicable to the juror misconduct in the present case. That rule, and the accompanying *aliunde* rule used to corroborate any attack on the verdict, applies to an instance of juror misconduct which is discovered after the verdict is reached by the jury. In the present case, the jury had not reached a verdict. Any inquiry into the issue of the juror misconduct would not have threatened or revealed discussions occurring during the jury's deliberations. The trial court should have held an inquiry of the

particular juror accused of misconduct to determine whether appellant would receive a fair trial before twelve impartial jurors.

We find that the state failed to meet its burden to rebut the presumption of prejudice through the testimony of the jury foreman and the curative instructions. We find that while the other eleven jurors may have been impartial, there is no evidence to rebut the presumption of prejudice as to the individual juror in question without an inquiry by the court as required. Appellant's motion for a mistrial should have been granted.

Appellant's fifth assignment of error is sustained.

Appellant's remaining assignments of error are as follows:

## I

"The trial court committed prejudicial error by refusing to dismiss the indictment because Ohio R.C. 3793.11 applies only to unlicensed alcohol and drug treatment programs rather than individual physicians."

## II

"The evidence was insufficient to sustain the conviction."

## III

"The appellant was denied the effective assistance of counsel."

## IV

"The conviction was against the manifest weight of the evidence."

## VI

"The trial court committed plain error by failing to instruct the jury that the appellant should be acquitted if he issued the prescriptions for methadone in good faith."

The remaining assignments are rendered moot by our disposition of the appeal under appellant's fifth assignment of error.

Appellant's conviction and sentence are reversed and vacated. This cause is remanded to the trial court for a new trial.

*Judgment reversed*
*and cause remanded.*

MATIA, P.J., and SPELLACY, J., concur.