The STATE of Ohio, Appellee,

v.

HOOD, Appellant.

[Cite as *State v. Hood* (1999), 132 Ohio App.3d 334.]

Court of Appeals of Ohio,
Seventh District, Mahoning County.

No. 96CA36.

Decided Feb. 25, 1999.

*Paul Gains,* Mahoning County Prosecuting Attorney, and *Janice O'Halloran,* Assistant Prosecuting Attorney, for appellee.

*Cherone Q. Hood, pro se.*

VUKOVICH, Judge.

This matter presents a timely appeal from a jury verdict and judgment entered upon the verdict by the Mahoning County Common Pleas Court finding defendant-appellant, Cherone Q. Hood, guilty of aggravated robbery with a firearm specification. For the reasons set forth below, the trial court's judgment is affirmed.

## I. STATEMENT OF FACTS

In October 1994, Douglas Jones was driving home when he noticed a red Beretta closely following his car. As Jones pulled into his driveway, Gerald Walker, a passenger in the Beretta, walked up to him with a gun and demanded his wallet. When Jones denied having a wallet or money, appellant, the driver of the Beretta, yelled something about a car to Walker. Jones thought appellant yelled, "Take the car." Appellant claims he was yelling for Walker to get back in the Beretta. Walker was unsure whether appellant said to get in Jones's car or to get in the Beretta.

As Walker got into Jones's car, appellant started to pull away. When Walker realized that Jones's car did not have an automatic transmission, he jumped out of the car and ran after appellant. Appellant stopped the Beretta to let Walker in and drove away. Youngstown Police officers stopped the Beretta soon thereafter, and a gun that was thrown from the car was recovered by the police. Jones then identified Walker as the gunman.

Appellant was indicted and tried for aggravated robbery in violation of R.C. 2911.01(A)(1)(B) and a firearm specification in violation of R.C. 2941.141 and 2929.71(A). While the jury was deliberating, a juror walked down the hall to the prosecutor's office and borrowed Black's Law Dictionary in order to look up the

definition of "aiding and abetting." When the trial judge learned of the juror's actions, he declared a mistrial. On appellant's retrial, he was convicted of the charged offenses and sentenced to five to twenty-five years on the aggravated robbery and, for the firearm specification, an actual term of incarceration of three years to run consecutively. This appeal followed.

## II. ASSIGNMENTS OF ERROR

Appellant sets forth four assignments of error. The first two assignments, dealing with the declaration of a mistrial, will be discussed together and read as follows:

"The trial court erred when it declared a mistrial, *sua sponte*, during the jury deliberation portion of appellant's first trial."

"The trial court erred when it incorrectly declared a mistrial, and subsequently subjected appellant to double jeopardy for the offense of complicity to aggravated robbery."

It is within a trial judge's sound discretion to grant a mistrial. *State v. Sage* (1987), 31 Ohio St.3d 173, 182, 31 OBR 375, 382–383, 510 N.E.2d 343, 349–350. In *State v. Glover* (1988), 35 Ohio St.3d 18, 21, 517 N.E.2d 900, 903, the court held that "where the trial judge *sua sponte* declares a mistrial, double jeopardy does not bar retrial unless the judge's action was instigated by prosecutorial misconduct designed to provoke a mistrial, or the declaration of a mistrial constituted an abuse of discretion." Appellant does not allege prosecutorial misconduct, but alleges an abuse of discretion by the trial court. An abuse of discretion exists when the trial court's decision is arbitrary, unreasonable, or unconscionable. See, *e.g.*, *State v. Xie* (1992), 62 Ohio St.3d 521, 527, 584 N.E.2d 715, 719–720; *State v. Moreland* (1990), 50 Ohio St.3d 58, 61, 552 N.E.2d 894, 898–899; *State v. Adams* (1980), 62 Ohio St.2d 151, 157, 16 O.O.3d 169, 172–173, 404 N.E.2d 144, 148–149.

The trial judge's decision to grant a mistrial and retry appellant is reasonable and does not violate the constitutional prohibition against double jeopardy if (1) there was a manifest or high degree of necessity for declaring a mistrial or (2) without a mistrial, public justice would have been diminished. See *Arizona v. Washington* (1978), 434 U.S. 497, 98 S.Ct. 824, 54 L.Ed.2d 717; *Glover, supra,* 35 Ohio St.3d at 19, 517 N.E.2d at 901–902; *State v. Widner* (1981), 68 Ohio St.2d 188, 189, 22 O.O.3d 430, 430–431, 429 N.E.2d 1065, 1066. The trial judge occupies the best position to determine whether a mistrial is warranted. *Id.*

Moreover, trial courts have broad discretion in dealing with improper outside juror communication. *State v. Phillips* (1995), 74 Ohio St.3d 72, 89, 656 N.E.2d 643, 661. Juror misconduct creates a presumption of prejudice. *Id.* at 88, 656 N.E.2d at 660–661. As *State v. Spencer* (1997), 118 Ohio App.3d 871, 873–874, 694 N.E.2d 161, 162–163, stated, "The act of the juror in contacting outside sources for information was clearly inappropriate juror misconduct." In the present case, the juror who performed the inappropriate act disclosed to the other jurors what he had gleaned from Black's Law Dictionary. The trial judge found that the definition of "aider and abettor" in Black's was not Ohio law and that the "extraordinary investigation" by the juror prejudiced the case. As a result, the judge's decision to declare a mistrial was not unreasonable. Accordingly, appellant's first and second assignments of error are overruled.

Because appellant's fourth assignment of error deals with sufficiency of the evidence, we shall address it before the third assignment dealing with weight of the evidence. This assignment contends:

"The evidence was insufficient to support the defendant's conviction for complicity to aggravated robbery."

Sufficiency is the "legal standard which is applied to determine whether the case may go to the jury or whether the evidence is legally sufficient to support the jury verdict as a matter of law." *State v. Thompkins* (1997), 78 Ohio St.3d 380, 386, 678 N.E.2d 541, 546. Sufficiency is synonymous with adequacy. *Id.* The pertinent inquiry is whether, after reviewing the record in a light most favorable to the state, any rational fact-finder could determine that the essential elements of aggravated robbery with a firearm specification were proven beyond a reasonable doubt. See *State v. Smith* (1997), 80 Ohio St.3d 89, 113, 684 N.E.2d 668, 690–691; *State v. Jenks* (1991), 61 Ohio St.3d 259, 574 N.E.2d 492, paragraph two of the syllabus.

In reviewing the record for sufficiency, we conclude that there exists adequate evidence to support the jury's finding that appellant aided and abetted Walker in committing aggravated robbery with a firearm. Appellant drove the car that followed the victim home and that served as the getaway car. Walker used a gun that he found in appellant's car and that appellant had placed on the console between the driver and passenger seats. Furthermore, the victim heard appellant instruct Walker to take his car. Walker stated to the police immediately after his arrest that he had also heard appellant tell him to take the victim's car. Walker did as appellant instructed until he realized that the victim's car had a standard transmission.

There was sufficient evidence for the jury to find that appellant committed complicity to aggravated robbery with a firearm. In accordance, this assignment of error is without merit.

Although we have determined that the trial court's judgment is sustained by sufficient evidence, we must still address the question whether the judgment is against the manifest weight of the evidence. Appellant's third assignment of error, which we are addressing last, states:

"The appellant's conviction for complicity to aggravated robbery was against the manifest weight of the evidence."

The Supreme Court of Ohio described a proper weight-of-the-evidence analysis as follows:

"Weight of the evidence concerns 'the inclination of the greater amount of credible evidence, offered in trial, to support one side of the issue rather than the other. It indicates clearly to the jury that the party having the burden of proof will be entitled to their verdict, if, on weighing the evidence in their minds, they shall find the greater amount of credible evidence sustains the issue which is to be established before them.'" (Emphasis deleted.) *Thompkins, supra,* 78 Ohio St.3d at 387, 678 N.E.2d at 546, quoting Black's Law Dictionary (6 Ed.1990) 1594.

We must inquire whether "the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered." *Id.* We sit as the thirteenth juror when we decide whether to vacate a jury verdict as against the manifest weight of the evidence. *Id.*

Appellant argues that the jury clearly lost its way after the trial judge refused to answer its question about whether it had to find that all of the elements of the crime were met. The jurors' question read, "Does everything in the indictment have to be satisfied to bring a guilty verdict. Such as 1. knowledge 2. purpose and especially concurrence? Do we need all elements?" Jury Question No. 2.

Appellee points out that the judge referred the jurors to the written copy of the jury instructions that they had in their possession. The judge told the jurors to start at page six and read to the end in order to find the answers to their question. The instructions, contained in the transcript, admonish twice that the prosecution must prove all of the essential elements beyond a reasonable doubt. The judge told the jurors that if their question was still not answered after reading the instructions, then they could submit another written request for clarification. However, the jury did not ask for reclarification on this topic.

Appellant also complains that Jury Question No. 3, which asked about the phrasing of one sentence in the instructions on aiding and abetting, was improperly construed by the trial court. Appellant contends that the question was a

manifestation of the jury's need for reclarification of Jury Question No. 2 on the elements of the offense. However, the jurors did not reinquire whether they had to find appellant guilty of all of the elements; they merely asked the court to clarify one sentence dealing with what constitutes aiding and abetting.

After reviewing the record dealing with the jury's questions and the instructions, it is not clear that the jury lost its way on these matters. Furthermore, "[w]eight is not a question of mathematics, but depends on its effect in inducing belief." *Thompkins, supra,* 78 Ohio St.3d at 386, 678 N.E.2d at 546. The jurors had the advantage of observing the demeanor of the witnesses and drawing conclusions therefrom. *State v. Mills* (1992), 62 Ohio St.3d 357, 368, 582 N.E.2d 972, 983. The weight to be given evidence and the credibility of witnesses are issues primarily for the jury, not an appellate court. *State v. D'Ambrosio* (1995), 73 Ohio St.3d 141, 147, 652 N.E.2d 710, 715–716; *State v. Waddy* (1992), 63 Ohio St.3d 424, 430, 588 N.E.2d 819, 825–826. See, also, *State v. Walker* (1978), 55 Ohio St.2d 208, 9 O.O.3d 152, 378 N.E.2d 1049 (stating that it is an abuse of discretion for an appellate court to substitute its judgment for that of the trier of fact on issues of credibility).

The jury could reasonably have found that appellant's and Walker's testimony at trial lacked credibility and that the victim was correct that he heard appellant direct Walker to steal the car. Walker testified that appellant is his cousin; the jury could reasonably infer that a cousin who is already in prison after pleading guilty to the robbery would attempt to protect a cousin who has a chance of acquittal. The jury weighed the evidence and found that the greater amount of credible evidence supported the state. Accordingly, this assignment of error is overruled.

For the foregoing reasons, the judgment of the trial court is affirmed.

*Judgment affirmed.*

GENE DONOFRIO, P.J., and WAITE, J., concur.