OPINION
Max Taogaga, defendant-appellant, appeals from the judgment of the Cuyahoga County Court of Common Pleas, Criminal Division, Case No. CR-355818, in which he was convicted of aggravated burglary, kidnapping and aggravated robbery. Defendant-appellant assigns two errors for this court's review.
Defendant-appellant's appeal is not well taken.
On October 21, 1997, defendant-appellant was indicted by the Cuyahoga County Grand Jury in a ten count indictment along with a number of co-defendants. Defendant-appellant was charged with one count of aggravated burglary, in violation of R.C. 2911.11, with a firearm specification, seven counts of kidnapping, in violation of R.C. 2905.01, with attendant firearm specifications, and two counts of aggravated robbery, in violation of R.C. 2911.01, also with attendant firearm specifications. The indictment was based upon an incident which occurred on January 7, 1996, in North Royalton, Ohio, during which defendant-appellant allegedly drove the "getaway" vehicle for his co-defendants who had broken into a private residence of a suspected bookmaker, held nine people hostage at gunpoint, ransacked the home looking for money, and fled the scene after contacting defendant-appellant via a cellular telephone.
On January 22, 1998, defendant-appellant was arraigned whereupon he entered a plea of not guilty to all charges contained in the indictment. Pre-trial discovery ensued during which defendant-appellant retained new counsel.
The case came on for trial on April 6, 1998. Prior to commencement of trial, the trial court inquired as to whether there were any motions or outstanding issues that needed to be addressed. At this point, defense counsel maintained that the state had not fully complied with outstanding discovery requests. The state maintained that it had fully responded to all outstanding discovery requests from prior defense counsel and had not received current defense counsel's discovery requests until April 3, 1998, approximately three days earlier. The state maintained further that it was fully prepared to provide all requested information to defense counsel that day.
The state proceeded to explain the indictment and identify which counts of the indictment applied to defendant-appellant. Further discussion took place as to the possible applicability of Senate Bill 2 should sentencing occur as well as the status of plea negotiations. The trial court then continued proceedings until April 8, 1998.
On April 8, 1998, defense counsel requested for the first time that the trial court continue the trial so that a psychiatric evaluation could be performed on defendant-appellant. Defense counsel contended that such an evaluation was necessary since:
 During those discussions, I was compelled to tell the prosecutors that we would wish for an opportunity, because of the severity of the crimes, to have the defendant assessed psychiatrically to determine the scope of his knowledge in terms of the moral issue and the legal issue to serve justice, not to win or to lose, but to find out the adamancy of his denial why.
(T. 17.) The trial court denied defense counsel's request noting the fact that it was untimely and not supported by Ohio law. The trial court did agree to order such an assessment should it become necessary for mitigation purposes at a possible sentencing. After additional discussion as to discovery, during which the state maintained that it had provided all required information to defense counsel and defense counsel indicated that he was fully prepared to go forward, the jury was impaneled and the case proceeded.
At trial, the state presented the testimony of two co-defendants who maintained that defendant-appellant had driven the automobile used in traveling to the residence in question. Each co-defendant also stated that the group inside the home used a cellular telephone to stay in contact with defendant-appellant who had remained in the car. Apparently, it was predetermined that defendant-appellant would remain in the automobile and pick up the other defendants at one of two locations depending upon the success of the planned burglary. Defendant-appellant was to be signaled through a code on his pager.
At the conclusion of the state's case, defendant-appellant moved for a judgment of acquittal pursuant to Crim.R. 29. Defendant-appellant maintained that the state had failed to present sufficient evidence of common purpose or aiding and abetting in the indicted offenses. The trial court denied defendant-appellant's motion for judgment of acquittal.
During jury deliberations, the trial court received a handwritten note from the jury foreman indicating that one of the jurors refused to communicate with the rest of the jury. Defendant-appellant moved for a mistrial arguing that the note demonstrated that the juror's refusal to participate in deliberations violated the oath of a juror and seriously damaged the ability of the jury as a whole to reach a just and fair verdict. In the alternative, defendant-appellant maintained that the trial court should conduct an in camera examination of the juror in question to determine if the integrity of the deliberative function of the jury had been compromised.
The trial court denied defendant-appellant's motion for a mistrial as well as defendant-appellant's request for an in camera examination of the juror. In response to the communication from the jury, the trial court re-read its previous jury instruction on deliberations in which the jury was instructed to "give consideration to others views" and "deliberate together with calmness in a dispassionate manner." (T. 372.) The jury resumed deliberations.
Soon after, the jury returned verdicts of guilty as to the charges of aggravated burglary, kidnapping and aggravated robbery. The jury found that defendant-appellant did not have a firearm during the commission of the underlying offenses and also found that, in relation to the kidnapping offenses, that the victims were released in a safe place unharmed. Defendant-appellant polled the jury and requested a referral to the court psychiatric clinic for a psychological assessment. The trial court granted defendant-appellant's motion and referred defendant-appellant to the Cuyahoga County Probation Department for completion of a pre-sentence investigation and report.
Defendant-appellant appeared for sentencing on July 21, 1998. At that time, defendant-appellant elected to be sentenced under the provisions of Senate Bill 2 rather than the previous sentencing laws. Defendant-appellant was permitted to make this election due to the fact that the offenses were committed prior to the effective date of Senate Bill 2 but defendant-appellant was not convicted until after the effective date of the statute. All of the ramifications of defendant-appellant's decision were explained to him by the trial court. The trial court then sentenced defendant-appellant to a total of fifty-six years in prison.
On August 17, 1998, defendant-appellant filed a timely notice of appeal from the judgment of the trial court.
Defendant-appellant's first assignment of error states:
 I. THE TRIAL COURT COMMITTED PREJUDICIAL ERROR BY REFUSING TO GRANT THE DEFENDANT'S MOTION FOR CONTINUANCE PRIOR TO TRIAL IN ORDER TO OBTAIN A PSYCHIATRIC EVALUATION OF THE DEFENDANT, AND TO OBTAIN FURTHER DISCOVERY FROM THE STATE OF OHIO IN ORDER TO ALLOW COUNSEL FOR DEFENDANT TO ADEQUATELY PREPARE FOR TRIAL.
Defendant-appellant argues, through his first assignment of error, that the trial court improperly overruled defendant-appellant's motion for continuance of trial. Specifically, defendant-appellant maintains that the trial court's ruling deprived him of the constitutional right to effective assistance of counsel. It is defendant-appellant's position that the trial court's refusal to allow additional time during which a psychiatric assessment could be completed and additional discovery obtained was arbitrary, unreasonable and unconscionable in light of the trial court's statement to defense counsel that:
 If you were not a retained counsel chosen by this defendant to represent him I would remove you from the case * * *.
(T. 21.) Defendant-appellant argues further that this statement by the trial court demonstrates knowledge that defense counsel was unprepared to proceed with an adequate defense at trial.
In order to substantiate a claim of ineffective assistance of counsel, the appellant is required to demonstrate that: 1) the performance of defense counsel was seriously flawed and deficient; and 2) the result of the appellant's trial or legal proceeding would have been different had defense counsel provided proper representation. Strickland v. Washington (1984), 466 U.S. 668, State v. Brooks (1986), 25 Ohio St.3d 144.
In reviewing a claim of ineffective assistance of counsel, itmust be presumed that a properly licensed attorney executes his legal duty in an ethical and competent manner. State v. Smith
(1985). 17 Ohio St.3d 98; Vaughn v. Maxwell (1965),2 Ohio St.2d 299.
The Supreme Court of Ohio, with regard to the issue of ineffective assistance of counsel, held in State v. Bradley (1989),42 Ohio St.3d 136, that:
 "When considering an allegation of ineffective assistance of counsel, a two-step process is usually employed. First, there must be a determination as to whether there has been a substantial violation of any of defense counsel's essential duties to his client. Next, and analytically separate from the question of whether the defendant's Sixth Amendment rights were violated, there must be a determination as to whether the defense was prejudiced by counsel's ineffectiveness. State v. Lytle (1976), 48 Ohio St.2d 391, 396-397, 2 O.O.3d 495, 498, 358 N.E.2d 623, 627, vacated in part on other grounds (1978), 438 U.S. 910. This standard is essentially the same as the one enunciated by the United States Supreme Court in Strickland v. Washington (1984), 466 U.S. 668. * * *
 Even assuming that counsel's performance was ineffective, this is not sufficient to warrant reversal of a conviction. "An error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment. Cf. United States v. Morrison, 449 U.S. 361, 364-365
(1981)." Strickland, supra, at 691. To warrant reversal, "[t]he defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." Strickland, supra, at 694. In adopting this standard, it is important to note that the court specifically rejected lesser standards for demonstrating prejudice. * * *
 Accordingly, to show that a defendant has been prejudiced by counsel's deficient performance, the defendant must prove that there exists a reasonable probability that, were it not for counsel's errors, the result of the trial would have been different.
State v. Bradley, supra, at 141, 142.
It is well settled that a trial court has broad discretion to grant a reasonable continuance where it is necessary to prevent a party to the proceedings from being prejudiced. State v. Garner
(1995), 74 Ohio St.3d 49, 59; 656 N.E.2d 623; State v. Sowders
(1983), 4 Ohio St.3d 143, 144, 447 N.E.2d 118. The term abuse of discretion connotes more than an error in law or judgment; it implies that the attitude of the trial court is unreasonable, arbitrary or unconscionable. State v. Adams (1980), 62 Ohio St.2d 151,157, 404 N.E.2d 144. When reviewing the decision as to whether to the trial court erred in denying a motion for a continuance, an appellate court must weigh any potential prejudice to the defendant against the trial court's right to control its own docket and the public's interest in the prompt and efficient dispatch of justice. State v. Powell (1990), 49 Ohio St.3d 255,259, 552 N.E.2d 191.
In the case herein, a review of the record demonstrates that the trial court did not abuse its discretion by denying defendant-appellant's motion for continuance of trial nor was defendant-appellant deprived of the constitutional right to effective assistance of counsel by the trial court's decision. Initially, defendant-appellant maintains that defense counsel was ineffective for recommending that defendant-appellant elect to be sentenced under Senate Bill 2 rather than the older sentencing law. However, a review of the possible sentences available under the old law reveals that, had defendant-appellant chosen to be sentenced under the pre-Senate Bill 2 law, he would have been subject to a more severe, open ended sentence on each of the offenses and a longer potential period of total incarceration dependant upon defendant-appellant's behavior while incarcerated as well as the future determination of the parole board. Under Senate Bill 2, defendant-appellant was aware of the actual time he would have to serve and was not subject to open ended, indeterminate sentences. Therefore, it cannot now be said that defense counsel was ineffective by recommending that defendant-appellant elect to be sentenced pursuant to Senate Bill 2.
Defendant-appellant maintains further that defense counsel was ineffective by failing to request discovery until approximately five days prior to trial and failing to request a psychiatric evaluation until the actual day of trial. Defendant-appellant apparently ignores the fact that defense counsel maintained prior to trial that:
 I want the record just to reflect that I am ready to go ahead and we will and we need to go ahead.
(T. 21.) The record further reflects that defense counsel had obtained full discovery from the state prior to trial and did not base his request for a continuance on the fact that he had not obtained discovery, but rather on the perceived need for a pretrial psychiatric report which the trial court properly overruled at that stage of the proceedings. Not only was the request for a psychiatric evaluation untimely, being made on the day of trial, the request was inappropriate under the circumstances of this case. A review of defense counsel's oral motion demonstrates that he was not seeking a psychiatric evaluation for purposes of an insanity defense or mitigation but was merely attempting to establish some form of diminished capacity defense. It is well established that, except in the mitigation phase of the trial, a defendant may not offer expert psychiatric testimony which is unrelated to an insanity defense to demonstrate that he lacked the mental capacity to form the specific mental state for a particular offense or degree of offense. See State v. Taylor (1997), 78 Ohio St.3d 15,31; 676 N.E.2d 82, 98, State v. Cooey (1989), 46 Ohio St.3d 20, 26,544 N.E.2d 895, 906; State v. Wilcox (1982), 70 Ohio St.2d 182,436 N.E.2d 523. Clearly, the trial court did not abuse its discretion by refusing to continue the scheduled trial date on the above-mentioned grounds nor has defendant-appellant demonstrated that defense counsel's representation of defendant-appellant fell below the objective standard of reasonableness necessary for reversal under the theory of a deprivation of the constitutional right to effective assistance of counsel. State v. Prim (Aug. 26, 1999), Cuyahoga App. No. 74530, unreported.
For the foregoing reasons, defendant-appellant's first assignment of error is not well taken.
Defendant-appellant's second and final assignment of error states:
 II. THE TRIAL COURT COMMITTED PREJUDICIAL ERROR BY REFUSING TO GRANT A MISTRIAL OR IN THE ALTERNATIVE TO CONDUCT AN IN CAMERA EXAMINATION OF A JUROR WHO REFUSED TO ENGAGE IN DELIBERATIONS.
Defendant-appellant argues, through his second and final assignment of error, that the trial court erred by denying defendant-appellant's motion for a mistrial after it had received a communication from the jury foreman that one of the jurors refused to participate in deliberations with the other members of the jury. It is defendant-appellant's position that, by refusing to grant a mistrial, the trial court was somehow compelling the jury to return a coerced verdict in violation of the Fifth, Sixth
and Fourteenth Amendments to the United States Constitution. At the very least, defendant-appellant argues that the trial court should have conducted an in camera examination of the juror at issue to determine if the juror's alleged refusal had compromised the entire jury's ability to further deliberate.
An appellate court will not reverse a trial court's decision granting or denying a motion for a mistrial unless that decision constituted an abuse of discretion. State v. Garner (1995),74 Ohio St.3d 49, 59, 656 N.E.2d 623;State v. Wildner (1981). 68 Ohio St.2d 188,429 N.E.2d 1065; State v. Frazier (Feb. 14, 1996), Hamilton App. No. C-950108, unreported. As previously stated, an abuse of discretion connotes more than an error of law or judgment, it implies that the trial court's attitude was arbitrary, unreasonable or unconscionable. State v. Adams, supra; State v.Jenkins (1984), 15 Ohio St.3d 164, 473 N.E.2d 264.
In this instance, a review of the record demonstrates that the trial court did not abuse its discretion by denying defendant-appellant's motion for a mistrial. The trial court's decision to re-instruct the jury as a group regarding its obligation to deliberate and weigh the evidence was the most efficient and least coercive of any alternative available to the trial court at that time. A mistrial was unwarranted in this situation and to single out a lone juror for an in camera examination would have placed undue pressure upon that individual at a stage in the proceedings where such a drastic procedure had not yet become necessary. Contrary to defendant-appellant's position, the mere fact that one juror allegedly refused to communicate with other members of the panel for a period of time did not compromise the jury's ability to deliberate and ultimately reach a unanimous verdict on the indicted offenses. This was demonstrated by the fact that, after the trial court reminded the jury of its sworn duty as jurors, the jury resumed deliberations and returned a unanimous verdict and acknowledged that verdict in open court as each was polled by defense counsel. Clearly the trial court's decision to re-instruct the jury and proceed with deliberations was not arbitrary, unreasonable or unconscionable.
Defendant-appellant's second assignment of error is not well taken.
Judgment of the trial court is affirmed.
It is ordered that appellee recover of appellant its costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Common Pleas Court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
O'DONNELL, TERPENCE, P.J., and McMONAGLE, TIMOTHY E., J.,CONCUR.
 ______________________________ MICHAIL J. CORRIGAN JUDGE