[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] JUDGMENT ENTRY.
This appeal, considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, is not controlling authority except as provided in S.Ct.R.Rep.Op. 2(G)(1).
Defendant-appellant, Steven D. Kelly,[1] appeals from the judgment of the Hamilton County Court of Common Pleas in which he was convicted, following a jury trial, of receiving stolen property (a car) in violation of R.C. 2913.51. Kelly advances two assignments of error in support of this timely appeal. Finding neither assignment to have merit, we affirm the judgment of the trial court.
In his first assignment of error, Kelly urges that his conviction is against the manifest weight of the evidence. To reverse on the manifest weight of the evidence, a reviewing court must review the entire record, weigh the evidence and all reasonable inferences, consider the credibility of the witnesses, and conclude that, in resolving conflicts in the evidence, the trier of fact clearly lost its way and created a manifest miscarriage of justice.[2]
The state presented evidence that Kelly admitted to knowing that the car was stolen. Other evidence supported the determination that Kelly knew or had reasonable cause to believe that the car was stolen.[3] The steering column had been "peeled" or broken so that the car could be started by a screwdriver, although the damage was more visible from the driver's side than from the passenger's. Drew Sloan, Kelly's sixteen-year-old half brother, testified that he was the one who had stolen the car and that he told Kelly that he had "borrowed" the car from a girl he had just met. He and Kelly drove around all day in the stolen car.
Sloan testified that, in the early afternoon, he drove Kelly to Kelly's girlfriend's house and left the car with them, and that they later came back and picked up Sloan. Either Kelly or his girlfriend had to have started the car without an ignition key, but Sloan testified that Kelly's girlfriend was unaware that the car was stolen. When the police finally stopped the car, Kelly's girlfriend was driving, and she was unable to shut off the motor. Kelly, however, reached over to the driving column and turned off the engine.
After reviewing the entire record, we cannot say that the jury lost its way in resolving conflicts in the evidence and created a manifest miscarriage of justice. We believe that the jury properly decided credibility issues and that its verdict was not against the manifest weight of the evidence. Therefore, we overrule Kelly's first assignment of error.
In his second assignment of error, Kelly maintains that the lower court erred by failing to take corrective measures when its separation-of-witnesses order was allegedly violated. We disagree.
The record discloses that the lower court ordered a separation of the witnesses prior to the commencement of the trial. The record further discloses that, during a break in the proceedings, Kelly's trial counsel contended that he had overheard a police officer, Officer Karaguleff, discussing his testimony with another officer who had testified for the state earlier. Counsel then moved for a mistrial, but the motion was overruled.
A trial court has broad discretion as to the reception of testimony from a witness who has violated a separation order.[4] Further, whether to order a mistrial is committed to the sound discretion of the trial court.[5] A reviewing court will not reverse a lower court's decision on a mistrial absent an abuse of that discretion.[6]
It is well settled in this state that "[t]he term `abuse of discretion' connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable."[7] Our review of the record convinces us that the lower court's admission of Karaguleff's testimony did not prejudice Kelly. Counsel was concerned that Karaguleff would tailor his testimony to that of the earlier witness, but Karaguleff's testimony actually differed from that of the first officer. The lower court did not abuse its discretion by denying Kelly's motion for a mistrial.
Accordingly, the second assignment of error is overruled, and the judgment of the court of common pleas is affirmed.
Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
Hildebrandt, P.J., Gorman and Sundermann, JJ.
 _______________________________ Presiding Judge
[1] In his brief on appeal, the defendant's name is spelled "Kelley." However, in all other documents of record, his name is spelled "Kelly." We use the spelling contained in the indictment and the judgment of conviction.
[2] See State v. Thompkins (1997), 78 Ohio St.3d 380, 386,678 N.E.2d 541, 546.
[3] See R.C. 2913.51.
[4] See State v. Slone (1974), 40 Ohio App.2d 523, 526-527,320 N.E.2d 720, 723.
[5] See State v. Widner (1981), 68 Ohio St.2d 188, 190,429 N.E.2d 1065, 1066-1067; see, also, State v. Garner (1995),74 Ohio St.3d 49, 59, 656 N.E.2d 623, 634; State v. Filiaggi (1999)86 Ohio St.3d 230, 237, 714 N.E.2d 857, 874.
[6] See Widner, supra, 68 Ohio St.2d 188, 429 N.E.2d 1065, paragraph one of the syllabus.
[7] See State v. Adams (1980), 62 Ohio St.2d 151, 157,404 N.E.2d 144, 149.