OPINION
{¶ 1} Plaintiffs Darlene L. and Larry C. Compton, II., appeal a judgment of the Court of Common Pleas of Stark County, Ohio, entered in favor of plaintiffs in the amount of $3,973.50, of which $3,173.50 must be paid over in reimbursement to defendant Allstate Insurance Company, which is not a party to this appeal. Appellee is Beverly J. Orlando-Stuchul. Appellants assign a single error to the trial court:
 {¶ 2} "THE TRIAL COURT ERRED, TO THE PREJUDICE OF THE APPELLANT, WHEN IT DENIED APPELLANT'S MOTION FOR A MISTRIAL AND FAILED TO GIVE AN INSTRUCTION TO THE JURY REGARDING COLLATERAL SOURCES AFTER DEFENSE COUNSEL TOLD THE JURY IN OPENING STATEMENT THAT APPELLANT'S BILLS HAD BEEN PAID BY HER HEALTH CARRIER."
 {¶ 3} The record indicates on September 8, 1999, appellant Darlene Compton was injured when a vehicle driven by appellee struck her car from the rear. Appellant brought suit against Beverly Orlando-Stuchul, Allstate Insurance Company, and AultCare. Allstate was named to protect its subrogation interest for amounts it paid for Darlene Compton's medical payment coverage, and AultCare was named to protect its subrogation interest with respect to amounts it paid pursuant to its health insurance policy for appellant. Prior to trial, appellant dismissed AultCare as a party to the action.
 {¶ 4} During opening statements, appellee Orlando's counsel told the jury although the majority of appellant's bills have been paid, "she wants more money." Counsel for appellant objected and the court sustained the objection. Pursuant to counsel's request for a curative instruction the trial court reminded the jury statements of counsel are not evidence, and instructed the jury to disregard the statement.
 {¶ 5} On the first day of trial, counsel made opening statements, but no witnesses were called. The following morning, prior to calling any witnesses, appellant moved the court for a mistrial, or in the alternative, presented a motion in limine to preclude any questions about health insurance. Counsel also requested a jury instruction regarding collateral sources. The trial court overruled the motion for mistrial, and instructed defense counsel not to inquire about health insurance. The trial court also reminded appellant's counsel she had requested, and received a curative instruction during opening statement.
 {¶ 6} Appellee argues she was unaware AultCare was no longer a party to the litigation, and for this reason, mentioned it had paid the bills. After the court intervened and struck the statement, appellee refrained from discussing insurance. The trial court gave an instruction at the end of the trial to the effect that the statements of counsel were not evidence and that the jury should disregard any statement which had been stricken by the court.
 {¶ 7} In State v. Franklin (1991), 62 Ohio St.3d 127, the Ohio Supreme Court reminded us mistrials must be declared only when the ends of justice require it and in the event a fair trial is no longer possible, Franklin at 127, citing Illinois v. Somerville (1973),410 U.S. 428. When a judge gives a curative instruction, the jury should be presumed to have obeyed the instruction, Franklin, Id,, citing Parkerv. Randolph (1979), 442 U.S. 62.
 {¶ 8} To evaluate whether a declaration of mistrial was proper, the Supreme Court has declined to set inflexible standards because of the variety of the circumstances which may give rise to a mistrial, State v.Glover (1988), 35 Ohio St.3d 18. Instead, the Supreme Court has directed us to accord great deference to the trial court's discretion, recognizing the trial judge is in the best position to determine whether the situation warrants the declaration of a mistrial, State v. Widner
(1981), 68 Ohio St.2d 188.
 {¶ 9} We note the trial court immediately sustained appellants' objection to the defense's opening statement. The judge instructed the jury to disregard it at the time, and again when giving the jury instructions.
 {¶ 10} Although this situation presents an extremely close call, we cannot say this single statement taken in the context of an extensive trial, was sufficiently egregious for us to disregard the trial court's sound exercise of its discretion.
 {¶ 11} The assignment of error is overruled.
 {¶ 12} For the foregoing reasons, the judgment of the Court of Common Pleas of Stark County, Ohio, is affirmed.
Gwin, P.J., Farmer, J., and Boggins, J., concur.
Topic: torts — collateral source rule — mistrial