DECISION AND JUDGMENT ENTRY
{¶ 1} This matter comes before the court on appeal from the Lucas County Court of Common Pleas wherein the prosecution of appellant, Lawrence L. Walls, ended in a mistrial. Because we find no abuse of discretion, appellant's conviction is affirmed.
 {¶ 2} On May 31, 2001, appellant was indicted on one count of aggravated robbery, one count of aggravated burglary, one count of felonious assault, and one count of robbery. A jury trial commenced on September 10, 2001. On September 11, 2001, the trial judge sua sponte declared a mistrial and rescheduled the case for a pretrial hearing on September 17, 2001. On September 18, 2001, appellant filed a motion to dismiss the case on the grounds of double jeopardy. On October 9, 2001, a visiting judge conducted a hearing on the motion and found that the trial judge had not abused his discretion in sua sponte granting a mistrial.
 {¶ 3} A bench trial commenced on November 5, 2001. On November 6, 2001, appellant was found guilty of aggravated robbery with a firearm specification, aggravated burglary with a firearm specification, and the second degree felony offense of robbery. He was sentenced to 11 years in prison. Appellant now appeals setting forth the following assignment of error:
 {¶ 4} "TRIAL COURT ERRED IN DECLARING A MISTRIAL SUA SPONTE AND OVER THE OBJECTION OF THE DEFENDANT."
 {¶ 5} It is within a trial judge's sound discretion to grant a mistrial. State v. Sage (1987), 31 Ohio St.3d 173. The Double Jeopardy Clauses of the United States and the Ohio Constitutions protect against successive prosecutions and successive punishments for the same offense.United States v. Dixon (1993), 509 U.S. 688. A trial court's sua sponte declaration of mistrial does not violate the double jeopardy doctrine so long as (1) a manifest necessity existed or the ends of public justice would otherwise be defeated and (2) the trial court considered alternatives to declaring a mistrial. Arizona v. Washington (1978),434 U.S. 497. A trial court has discretion to declare a mistrial where (1) "manifest necessity" or a "high degree of necessity" dictate; (2) the trial judge has no reasonable alternative to declaring a mistrial; and (3) the public interest in fair trials designed to end in just judgments is best served by ordering a mistrial. State v. Widner (1981),68 Ohio St.2d 188, 190. "It is clear that manifest necessity is not synonymous with absolute necessity, but that a `high degree' of necessity must exist before a mistrial may properly be declared." United States v.Cameron, (6th Cir. Ohio 1992) 953 F.2d 240, 244, citing Washington,434 U.S. at 506. In evaluating whether the declaration of a mistrial was proper in a particular case, the Supreme Court of Ohio has "declined to apply inflexible standards, due to the infinite variety of circumstances in which a mistrial may arise." State v. Glover (1988), 35 Ohio St.3d 18,19, citing Widner, supra. Rather, the Ohio Supreme Court "has * * * adopted an approach which grants great deference to the trial court's discretion in this area, in recognition of the fact that the trial judge is in the best position to determine whether the situation in his [or her] courtroom warrants the declaration of a mistrial." State v. Glover,
supra.
 {¶ 6} At the dismissal hearing, the Honorable Charles S. Wittenberg testified that he was presiding over appellant's trial on the morning of September 11, 2001. The state had rested its case the day before and the defense was scheduled to begin its case with an alibi witness. Judge Wittenberg testified that before the trial began that morning he was informed that terrorists had just crashed an airliner into the World Trade Center in New York City. The jurors were unaware of the unfolding events. During testimony, the judge received a note from someone informing him that there had been a "bombing" at the pentagon and another plane crash in Pennsylvania. The Judge testified that he also received information that a plane containing a bomb was flying from the city of Cleveland towards Toledo.
 {¶ 7} The Judge called a recess and asked to speak to a specific juror who was a member of the air force. Knowing the military was on active alert, Judge Wittenberg testified that he thought it was important to tell the juror about the attacks and to give him an opportunity to call his commanding officer. Both the prosecution and defense counsel agreed to the discharge of the juror.
 {¶ 8} The judge testified that he then decided to recess for the day and tell the other jurors about the breaking national news. The Judge excused the jurors and instructed them to call the court later in the day to find out whether or not they should report back to the courtroom the next morning. The attorneys were also excused. The judge testified that within a half hour of excusing the jury, the courthouse was evacuated and closed.
 {¶ 9} Soon after, Judge Wittenberg testified that he summoned the prosecutor back to the courtroom and contacted defense counsel by phone. In chambers, the judge informed counsel that: "I have no idea what's going to happen tomorrow, so at this point, I think we'll leave a message for the jurors not to return and just declare a mistrial." Defense counsel objected to the declaration.
 {¶ 10} Appellant contends that it was improper for the trial judge to sua sponte declare a mistrial before he had determined that a fair trial was no longer possible and before he had considered other alternatives.
 {¶ 11} The trial judge in this case testified that prior to declaring a mistrial, he was concerned about the effect the breaking national news would have on the jury. The judge noted the seriousness of the charges and testified he was worried the jurors would not be able to devote their full attention to the evidence given the fact that the country appeared to be under attack. He further testified that he considered the option of instructing the jurors to return the next day. He testified he rejected the option because, once again, he was worried about the jurors' ability to concentrate and because he did not know if the courthouse would be open the next day. Based on the particular facts in this case as well as the foregoing testimony, we conclude that the trial judge properly exercised his discretion in finding a manifest necessity for declaration of a mistrial. Appellant's sole assignment of error is found not well-taken.
 {¶ 12} On consideration whereof, the court finds that substantial justice has been done the party complaining, and the judgment of the Lucas County Common Pleas Court is affirmed. Costs assessed to appellant.
 JUDGMENT AFFIRMED.
Sherck and Knepper, JJ., concur.