OPINION
{¶ 1} Defendant-appellant, William Donnell (hereinafter "appellant"), appeals the judgment of the Auglaize County Court of Common Pleas, denying appellant's motion to dismiss the claims against him on the grounds on double jeopardy.
 {¶ 2} On January 21, 2003, appellant and Michael Oglesby, a passenger, were traveling on Interstate 75 in Auglaize County, Ohio when appellant's vehicle was stopped by police. When Sgt. Matthew Franzdorf approached appellant's vehicle, he detected the odor of burnt marijuana. Sgt. Franzdorf subsequently executed a search of the vehicle.
 {¶ 3} The search revealed a briefcase which contained approximately thirty grams of cocaine, approximately twenty grams of marijuana, a straw with powder residue, a digital scale and approximately $15,000 in cash. When questioned, appellant conceded the briefcase was his.
 {¶ 4} The passenger, Michael Oglesby, told officers that he had no knowledge of the briefcase and that it belonged to appellant. Oglesby stated that, during the trip, he and appellant had stopped in Kentucky and Oglesby had taken cocaine that had been given to him by appellant. Following further questioning, Oglesby was released at the scene and appellant was arrested.
 {¶ 5} Appellant was subsequently indicted for Possession of Cocaine in excess of twenty-five grams, a violation of R.C.2925.11 (A)(C)(4)(c). A jury trial commenced on July 23, 2003.
 {¶ 6} On the first day of trial, appellant made an oral motion in limine to preclude the admission of Michael Oglesby's statements at the scene because Oglesby was not present to testify at trial. The trial court granted the motion precluding the content of Oglesby's statements to the police from being presented as evidence.
 {¶ 7} During the course of the trial, appellant attempted to attack the method in which the evidence in the case was collected. On cross-examination, appellant's trial counsel elicited from Trooper Barrett, one of the officers at the scene, that the plastic bag containing the cocaine was not handled in accordance with procedure and that the fingerprint evidence may have been compromised. Counsel then asked Trooper Barrett, "[s]o as we sit here today we really don't know who touched that plastic bag with the cocaine, do we, last?" Trooper Barrett responded, "no, sir."
 {¶ 8} On re-direct, the prosecutor approached the bench and stated that she wished to examine Trooper Barrett concerning whether it was simply a guess as to whether appellant had possessed the cocaine or what other basis the officer had for arresting appellant. The prosecutor argued that the appellant's cross-examination of Trooper Barrett opened the door for the prosecution to explore the basis of the officer's belief that the cocaine belonged to appellant. This basis, the prosecutor stated, would include the suppressed statements of Michael Oglesby. Following a discussion on the matter and the options before the trial court, the prosecution requested that the trial court declare a mistrial.
 {¶ 9} In consideration of the state's request, the trial court determined that there was no practical way to resolve the situation regarding Trooper Barrett's testimony, except to declare a mistrial. The trial court proceeded to grant the state's request and scheduled a new trial for December 17, 2003.
 {¶ 10} On September 3, 2003, appellant filed a motion to dismiss the charges against him on the basis of double jeopardy. The trial court entered judgment on September 22, 2003, finding that there had been no way to correct the error and that the court had granted the mistrial out of "manifest necessity." Consequently, the trial court denied appellant's motion to dismiss. This appeal followed.
 {¶ 11} Appellant sets forth one assignment of error for our review.
 ASSIGNMENT OF ERROR NO. I The trial court failed to grant Defendant's motion to dismisson the grounds of double jeopardy.
 {¶ 12} Appellant claims that the trial court erred in denying his motion to dismiss on the basis of double jeopardy because there was no "manifest necessity" to declare the mistrial. First, appellant contends that there was no improper questioning by his counsel that would have "opened the door" for the prosecution to question Trooper Barrett about the statements made by Oglesby. Appellant asserts his line of questioning was simply intended to elicit that the police could only guess as to who touched the bag of cocaine and did not support the inference that the police could only guess as to who possessed it. Thus, evidence demonstrating the basis for Trooper Barrett's actions was unnecessary. Alternatively, even if the appellant's questioning of Trooper Barrett was improper, the appellant maintains the trial court had alternatives to the declaration of a mistrial, such as giving a limiting instruction to the jury. Since it was not necessary to declare a mistrial, appellant argues, the prohibition against double jeopardy bars retrial.
 {¶ 13} The Double Jeopardy Clause of the Fifth Amendment to the United States Constitution, made applicable to the states through the Fourteenth Amendment, protects a criminal defendant from multiple prosecutions for the same offense. Oregon v.Kennedy (1982), 456 U.S. 667, 671. The purpose behind the prohibition against double jeopardy is that "the State, with all its resources and power, should not be allowed to make repeated attempts to convict an individual for an alleged offense, thereby subjecting him to embarrassment, expense and ordeal and compelling him to live in a continuing state of anxiety and insecurity, as well as enhancing the possibility that even though innocent, he may be found guilty." Green v. United States
(1957), 355 U.S. 184, 187-188. The protections afforded by the Double Jeopardy Clause confer upon a criminal defendant the right to have his trial completed by one tribunal. Oregon v. Kennedy
at 671-672.
 {¶ 14} Where a mistrial has been declared without the defendant's request or consent, however, double jeopardy will not bar a retrial if (1) there was a manifest necessity for ordering a mistrial, or (2) the ends of public justice would otherwise be defeated. State v. Widner (1981), 68 Ohio St.2d 188, 189, citations omitted.
 {¶ 15} The questioning of Trooper Barrett that spurred the prosecution's request to elicit the content of Oglesby's statements went as follows:
Q: If somebody bothered to take the fingerprints off of thatplastic bag that the cocaine was in there and they came back tome would I become a suspect?
 [Prosecution's objection overruled.]
 A: Yes Sir, you would.
 Q: So as we sit here today we really don't know who touchedthat plastic bag with the cocaine, do we, last?
 A: No, Sir.
 Q: And if we decided to pick somebody we'd be guessing?
 A: No, Sir.
 Q: No Sir, you wouldn't be guessing? You know who touched thatlast?
 A: No Sir, I don't.
 Q: Okay. So in other words, you wouldn't pick somebody;right?
 A: I'm afraid I don't understand your question.
 Q: My question was, if we were to pick somebody and just say,"That person touched it last,["] we would have to guess?
 A: Yes, Sir.
July 23, 2003 Trial Transcript, p. 131-132.
 {¶ 16} After a discussion at the bench, the trial court concluded that appellant counsel's questioning suggested that Trooper Barrett had no basis to believe that appellant touched the cocaine. Moreover, that suggestion "opened the door" for the prosecution to ask about the basis of the officer's belief that appellant had knowledge of the cocaine in the briefcase. During the discussion at the bench, in fact, counsel for the appellant stated, "I agree that maybe in the heat of examination I went further than I ought to."
 {¶ 17} The trial court, therefore, was faced with the difficult decision of how to proceed in light of the earlier ruling excluding Oglesby's statements. The trial court attempted to cure the situation by asking counsel for input as to what kind of instruction could be given to the jury. After arguments from counsel regarding jury instructions, the trial court found that a limiting instruction would be technically possible, but it would not negate the false impression appellant's counsel gave that the officer arrested appellant based only upon a "guess." After weighing the potentially prejudicial effects of the hearsay statements of Oglesby and the testimony of Trooper Barrett with and without allowing the prosecution to elaborate on the officer's basis for arresting appellant, the trial court concluded that "there was no viable alternative" to granting a mistrial as requested by the state. After reviewing the record, however, we must disagree.
 {¶ 18} We find that exchange between Trooper Barrett and appellant's counsel, when taken in context with Trooper Barrett's other testimony, did not leave the jury with the false impression that the trooper's conclusion that appellant possessed the cocaine and/or the subsequent arrest of appellant was based merely on guesswork. Rather, we understand this line of questioning to have referred to the gathering and preservation of evidence and whether Trooper Barrett knew which person had last handled the cocaine. Specifically, we note that appellant's trial counsel did not directly question Trooper Barrett as to whether the arrest of appellant was based upon a guess. Therefore, we find the prosecution's assumption that the jury would infer the arrest was based upon guesswork to be speculative, at best.
 {¶ 19} Even if the jury had made such an inference, the prosecution had an opportunity to correct any perceived misconceptions on re-direct and through the presentation of the state's other evidence and testimony of other witnesses. Further, we find that the prosecution took the opportunity to do so. On re-direct, the prosecution's first questions to Trooper Barrett involved whether the arrest of appellant was based on a mere guess. Through these questions, the prosecution elicited testimony that appellant acknowledged ownership of the briefcase in which the drugs were located, as well as ownership of the $15,000.00 in cash that was found in the briefcase.
 {¶ 20} We hold that appellant's counsel's questioning of Trooper Barrett did not place the prosecution in a position that required the use of Oglesby's statements in order to correct any false impression given to the jury. Therefore, we can not conclude that there was a manifest necessity for ordering a mistrial. Accordingly, we find that the trial court abused its discretion in granting the prosecution's motion for a mistrial and that retrial is barred by the Double Jeopardy Clause.
 {¶ 21} Appellant's assignment of error is sustained.
 {¶ 22} Having found error prejudicial to appellant herein, in the particulars assigned and argued, we reverse the judgment of the trial court and remand the matter for further proceedings consistent with this opinion.
Judgment Reversed and Cause Remanded.
 Bryant and Rogers, J.J., concur.