OPINION
{¶ 1} The State of Ohio appeals from a judgment of the Montgomery County Area Two Court, which dismissed charges against Monte G. Bentley for intimidation of a victim and three counts of aggravated menacing on double jeopardy grounds. For the following reasons, the judgments will be reversed and the causes remanded for further proceedings. *Page 2 
 {¶ 2} According to the State, this case arose from an incident on October 4, 2004, when Bentley allegedly called and threatened Kimberly Adkins and later went to an address in Riverside where Adkins and her daughter were present. There, Bentley allegedly slashed a waterbed with a butcher knife. The Riverside police were called to the scene. When Riverside Police Officer James Vance arrived, Bentley was holding the knife, and Vance apparently believed that Bentley intended to hurt him. On October 8, 2004, Bentley allegedly called Adkins and threatened her and/or her daughter if she did not change her story regarding the October 4 incident.
 {¶ 3} On October 15, 2004, Bentley was charged by complaint with intimidation of a victim, in violation of R.C. 2921.04, based on his threats on October 8, 2004 (Case No. 2004 CRB 1467). On October 21, 2004, Bentley was charged by complaint with two counts of aggravated menacing arising out of his conduct toward Adkins and her daughter on October 4, 2004 (Case No. 2004 CRB 1488). All charges were first degree misdemeanors. Trial was scheduled for November 2, 2004, but was rescheduled to April 16, 2005 at Bentley's request. On November 5, 2004, Bentley was charged by complaint with a third count of aggravated menacing based on his conduct toward Vance on October 4, 2004 (Case No. 2004 CRB 1585).
 {¶ 4} Case Nos. 2004 CRB 1467 and 2004 CRB 1488 proceeded to a jury trial on April 16, 2005 as scheduled.[1] After a jury was selected but prior to opening statements, the parties *Page 3 
made several motions to the court outside of the jury's presence. Of relevance to this appeal, the State moved to amend the aggravated menacing charges to include the phrase "serious physical harm" rather than "physical harm," in accordance with R.C. 2903.21. In response, Bentley requested a continuance, arguing that he needed additional time to prepare for an aggravated menacing charge rather than a menacing charge. The court allowed the amendment to the charges, and it granted Bentley' s motion for a continuance. The court told counsel that it would contact them with the new trial date. Thereafter, the court informed the jurors that it was continuing the case due to the prosecutor's request to amend the complaint and Bentley's request for additional time to prepare for trial. The court thanked the jurors for their time and attentiveness and told them that they were free to go.
 {¶ 5} On October 13, 2006, the court reset the jury trial for October 25, 2006, and it subpoenaed the original panel of jurors from the April 16, 2005 trial. (We note that the October 13, 2006 entry required the parties to appear for trial on Case No. 04 CRB 1585 as well as the original two cases.) On October 20, 2006, the State filed a motion for a mistrial, stating that several of the original jurors could not be reseated either for health reasons or because they could not be found. On October 25, 2006, Bentley moved for the dismissal of all charges, on the ground that his speedy trial rights were violated and that jeopardy had attached on April 16, 2005. After hearing arguments from counsel, the trial court overruled the motion for a mistrial *Page 4 
and granted Bentley's motion to dismiss the charges. The court's dismissal entry stated that Bentley had been placed in jeopardy on April 16, 2005 and, as the State was unable to proceed, the cases must be dismissed.
 {¶ 6} The State appeals from the dismissal of the charges, raising three assignments of error. The second and third assignments of error are identical and will be treated together.
 {¶ 7} "I. THE TRIAL COURT ABUSED ITS DISCRETION IN GRANTING THE DEFENDANT'S MOTION FOR A CONTINUANCE."
 {¶ 8} In its first assignment of error, the State asserts that the trial court erred in granting a continuance where the amended complaint did not change the substance of the charged offense.
 {¶ 9} "The grant or denial of a continuance is a matter entrusted to the broad, sound discretion of the trial court, which will not be disturbed on appeal absent an abuse of the trial court's discretion.State v. Unger (1981), 67 Ohio St.2d 65; Ungar v. Sarafite (1964),376 U.S. 575, 84 S.Ct. 841, 11 L.Ed.2d 921. An abuse of discretion means more than simply an error of law or an error in judgment. It implies an arbitrary, unreasonable, unconscionable attitude on the part of the trial court. State v. Adams (1980), 62 Ohio St.2d 151." State v.Battle, Montgomery App. No. 21644, 2007-Ohio-2977, ¶ 34.
 {¶ 10} The State argues that the trial court abused its discretion in granting a continuance after jury selection was completed, because the amendment to the complaint merely fixed a "simply typographical error" and the continuance caused an "enormous amount of disruption." The State indicates that, as a result of the continuance, additional subpoenas were required to be prepared and served and the jurors were required to return to hear the case. *Page 5 
 {¶ 11} We find no abuse of discretion in the trial court's granting of the continuance. After the jury had been selected but prior to opening statements, the State sought to amend the complaint to conform it to the aggravated menacing statute. Bentley responded that he needed additional time to prepare a defense to the aggravated menacing charge. This argument was buttressed by his prior motion seeking to prevent the State from presenting the knife at trial on the ground that the knife was not relevant to the menacing charge. Although the trial court stated that the charge had always been an aggravated menacing charge, the court found Bentley' s request to be reasonable and fair. As noted by Bentley, the State did not object to the continuance. Although a continuance after jury selection undoubtedly caused some inconvenience to the State, the jury, and the court, we cannot conclude that the court abused its discretion in granting Bentley's request.
 {¶ 12} The first assignment of error is overruled.
 {¶ 13} "II. THE TRIAL COURT ABUSED ITS DISCRETION IN DISMISSING THE CASE ON THE GROUNDS OF DOUBLE JEOPARDY."
 {¶ 14} "III. THE TRIAL COURT ABUSED ITS DISCRETION IN DISMISSING THE CASE ON THE GROUNDS OF DOUBLE JEOPARDY."
 {¶ 15} In its second and third assignments of error, the State claims that the trial court erred in dismissing the charges on double jeopardy grounds. It argues that the dismissal was contrary to Crim.R. 7(D), which was the basis for Bentley's continuance.
 {¶ 16} "The Double Jeopardy Clause forbids a second trial for the purpose of affording the prosecution another opportunity to supply evidence which it failed to muster in the first proceeding." Burks v.United States (1978), 437 U.S. 1, 11, *Page 6 98 S.Ct. 2141, 57 LE.2d 1. In determining whether the Double Jeopardy Clause applies, we must evaluate (1) whether jeopardy has attached and (2) whether a retrial is barred by the Constitution or, rather, falls within an exception.
 {¶ 17} "Jeopardy attaches, so as to preclude subsequent criminal proceedings, at different points in time depending on the nature of the proceeding in question. Where a criminal defendant has invoked the right to trial by jury, jeopardy does not attach so as to preclude subsequent criminal proceedings until the jury is impaneled and sworn. Crist v.Bretz (1978), 437 U.S. 28, 98 S.Ct. 2156, 57 L.Ed.2d 24. * * * [I]nsofar as the Double Jeopardy Clause precludes successive criminal prosecutions, the proscription is against a second criminal trial after jeopardy has attached in a first criminal trial." (Emphasis sic)State v. Gustafson (1996), 76 Ohio St.3d 425, 435, 668 N.E.2d 435.
 {¶ 18} Here, the jury was impaneled and sworn on April 16, 2005. Accordingly, jeopardy attached at that time, unless an exception existed under Crim.R. 7(D).
 {¶ 19} Crim.R. 7(D) allows the court to amend a complaint — before, during or after trial — "in respect to any defect, imperfection, or omission in form or substance, or of any variance with the evidence, provided no change is made in the name or identity of the crime charged." The Rule further provides:
 {¶ 20} "* * * If any amendment is made to the substance of the * * * complaint, or to cure a variance between the * * * complaint and the proof, the defendant is entitled to a discharge of the jury on the defendant's motion, if a jury has been impanelled, and to a reasonable continuance, unless it clearly appears from the whole proceedings that the defendant has not been misled or prejudiced by the defect or variance in respect to *Page 7 
which the amendment is made, or that the defendant's rights will be fully protected by proceeding with the trial, or by a postponement thereof to a later day with the same or another jury. Where a jury isdischarged under this division, jeopardy shall not attach to the offensecharged in the amended indictment, information, or complaint." (Emphasis added).
 {¶ 21} On appeal, the State argues that, since the continuance was granted under Crim.R. 7(D), jeopardy did not attach. It further asserts that Crim.R. 7(D) envisions situations where a new jury would be empaneled to hear the case. Bentley responds that Crim.R 7(D) does not apply, because the April 2005 jury was not discharged. He asserts that the State conceded that the jury was not discharged in its motions for a mistrial. Bentley argues that the trial court properly determined that, if all the jurors could not be located, the State could not proceed and it was required to dismiss the charges.
 {¶ 22} The trial court's statements to the jurors after granting the continuance did not clearly indicate whether the jury was discharged. Although the court did not expressly discharge the jury, it also did not clearly inform the jurors that they would need to return at a later date to hear the trial. To the contrary, the court lamented that the jury had been selected without any challenges by the attorneys but that the court "can't use you." However, by issuing subpoenas for the original panel of jurors on October 13, 2006, the court indicated that it had not discharged the jury on April 16, 2005. *Page 8 
 {¶ 23} Assuming that the jury was not discharged (which appears to be the case) and that jeopardy attached on April 16, 2005, the pivotal issue is whether the state could have proceeded with a retrial had the court granted its motion for a mistrial.
 {¶ 24} If a mistrial has been declared without the defendant's request or consent, double jeopardy will not bar a retrial if either (1) there was a manifest necessity or high degree of necessity for ordering a mistrial, or (2) the ends of public justice would otherwise be defeated.State v. Widner (1981), 68 Ohio St.2d 188, 429 N.E.2d 1065, citingArizona v. Washington (1978), 434 U.S. 497, 98 S.Ct. 824,54 L.Ed.2d 717; United States v. Dinitz (1976), 424 U.S. 600, 96 S.Ct. 1075,47 L.Ed.2d 267; Illinois v. Somerville (1973), 410 U.S. 458, 93 S.Ct. 1066,35 L.Ed.2d 425.
 {¶ 25} At the outset, we note that, because the jury was not discharged, the October 25, 2006 trial date was a continuation of the April 16, 2005 trial, albeit after an eighteen month hiatus. When several of the originally empaneled jurors were no longer available for trial, the trial could not continue. In our view, this constituted a "manifest necessity" for a mistrial. The fact that the jurors in Case Nos. 2004 CRB 1467 and 2004 CRB 1488 became unable to serve due to an extended continuance is of no significance. This situation is logically no different than if several jurors had become unable to continue serving on April 16, 2005 rather than after a continuance. Double jeopardy does not bar a retrial in such circumstances. Moreover, because October 25, 2006 appears to have been the original trial date for Case No. 2004 CRB 1585, double jeopardy has no application to that case. Accordingly, the trial court erred in dismissing the three cases on double jeopardy grounds.
 {¶ 26} The second and third assignments of error are sustained. *Page 9 
 {¶ 27} The judgments of the trial court will be reversed and the causes will be remanded for further proceedings.
FAIN, J. and GRADY, J., concur.
[1] Nothing in the record in Case No. 2004 CRB 1585 suggests that this charge of aggravated menacing was to be tried in April 2005. On December 2, 2004, the court scheduled a pre-trial conference for December 28, 2004. However, there is no entry scheduling a trial date or ordering counsel to appear for trial. The next entry is dated October 13, 2006, requiring the parties to appear for trial on all three cases on October 25, 2006.
The entries in the other two cases support this conclusion. The "Notice to Appear" entry filed on April 1, 2005 cited only Case Nos. 2004 CRB 1467 and 2004 CRB 1488. The State's motion to continue the April 2005 trial date lists only these two cases. Finally, at the April 16, 2005 trial, the parties referred to two, not three, counts of aggravated menacing. (We note that the aggravated menacing complaint in Case No. 2004 CRB 1585 included the phrase "serious physical harm," and it did not need amending pursuant to Crim.R. 7(D).) *Page 1