[Cite as *State v. Wilson*, 2021-Ohio-3192.]

COURT OF APPEALS
LICKING COUNTY, OHIO
FIFTH APPELLATE DISTRICT


| STATE OF OHIO | : | JUDGES: |
| | : | Hon. John W. Wise, P.J. |
| Plaintiff-Appellee | : | Hon. Patricia A. Delaney, J. |
| | : | Hon. Earle E. Wise, Jr., J. |
| -vs- | : | |
| | : | |
| BRANDON WILSON | : | Case No. 2021 CA 0011 |
| | : | |
| Defendant-Appellant | : | O P I N I O N |


CHARACTER OF PROCEEDING:      Appeal from the Court of Common
                             Pleas, Case No. 2020 CR 00254



JUDGMENT:                     Affirmed



DATE OF JUDGMENT:             September 15, 2021



APPEARANCES:

For Plaintiff-Appellee                    For Defendant-Appellant

PAULA M. SAWYERS                          APRIL CAMPBELL
20 South Second Street                    46½ North Sandusky Street
Fourth Floor                              Delaware, OH  43015
Newark, OH  43055

*Wise, Earle, J.*

{¶ 1}  Defendant-Appellant, Brandon Wilson, appeals the February 10, 2021 judgment entry of the Court of Common Pleas of Licking County, Ohio, denying his motion for discharge.  Plaintiff-Appellee is the state of Ohio.

FACTS AND PROCEDURAL HISTORY

{¶ 2}  On June 4, 2020, the Licking County Grand Jury indicted appellant on one count of felonious assault in violation of R.C. 2903.11 and one count of assault in violation of R.C. 2903.13.  Said charges arose from the beating of two victims by appellant and a co-defendant.

{¶ 3}  A jury trial was scheduled for November 19, 2020.  Two days before trial, appellant filed a motion in limine to exclude testimony from two doctors the state planned on calling.  Appellant argued the state failed to disclose reports regarding their testimony and failed to include a summary of their qualifications pursuant to Crim.R. 16(K) and *State v. Boaston,* 160 Ohio St.3d 46, 2020-Ohio-1061, 153 N.E.3d 44.

{¶ 4}  On November 19, 2020, the trial court swore a jury in and then asked counsel if anything needed to be put on the record.  Defense counsel preserved for the record the motion in limine to exclude the doctors' testimony.  The trial court entertained argument on the issue.  The state argued it timely provided the victims' medical records, but provided the doctors' curricula vitae the day before trial.  The trial court ruled the doctors could testify as fact witnesses, but not as experts.  After consulting with appellant, defense counsel requested a continuance to conduct research and obtain written reports

from the doctors. The trial court granted the request and declared a mistrial because the continuance was granted at appellant's request. Appellant did not object to the mistrial.

{¶ 5} On February 8, 2021, appellant filed a motion for discharge on double jeopardy grounds. By judgment entry filed February 10, 2021, the trial court denied the motion, finding appellant requested the continuance and the double jeopardy issue was invited error.

{¶ 6} Appellant filed an appeal and this matter is now before this court for consideration. Assignment of error is as follows:

I

{¶ 7} "THE TRIAL COURT ERRED WHEN IT DID NOT DISCHARGE WILSON FROM PROSECUTION: JEOPARDY ATTACHED TO WILSON, SUCH THAT THE STATE IS BARRED FROM RETRYING HIM IN THIS CASE."

I

{¶ 8} In his sole assignment of error, appellant claims the trial court erred in denying his motion for discharge on double jeopardy grounds. We disagree.

{¶ 9} The Double Jeopardy Clause of the Fifth Amendment to the United States Constitution ensures that a state may not put a defendant in jeopardy twice for the same offense. *Benton v. Maryland*, 395 U.S. 784, 89 S.Ct. 2056, 23 L.Ed.2d 707 (1969). Because the jury in this case had already been empaneled and sworn, jeopardy attached prior to the declaration of the mistrial. *Crist v. Bretz,* 437 U.S. 28, 98 S.Ct. 2156, 57 L.Ed.2d 24 (1978). As explained by the Supreme Court of Ohio in *State v. Widner,* 68 Ohio St.2d 188, 189-190, 429 N.E.2d 1065 (1981):

[T]he question of whether, under the double jeopardy clause, there can be a second trial, after a mistrial has been declared, sua sponte, depends on whether (1) there is a "manifest necessity" or a "high degree" of necessity for ordering a mistrial, or (2) "the ends of public justice would otherwise be defeated."  The foregoing concept of "the ends of public justice" has also been more precisely described as "the public's interest in fair trials designed to end in just judgments."  (Citations omitted.)

{¶ 10} "In cases where a trial court judge sua sponte declares a mistrial, the Double Jeopardy Clause generally does not bar retrial unless prosecutorial misconduct led the judge to declare a mistrial, or the declaration was an abuse of discretion." (Citation omitted.)  *State v. Graber*, 1st Dist. Hamilton No. C-190244 2020-Ohio-5324, ¶ 16.  " '[T]he trial judge is in the best position to determine whether the situation in [the] courtroom warrants the declaration of a mistrial.' [*State v.*] *Glover,* 35 Ohio St.3d [18] at 19, 517 N.E.2d 900.  This court will not second-guess such a determination absent an abuse of discretion." (Citation omitted.)  *State v. Ahmed,* 103 Ohio St.3d 27, 2004-Ohio-4190, 813 N.E.2d 637, ¶ 92.  In order to find an abuse of discretion, we must determine the trial court's decision was unreasonable, arbitrary or unconscionable and not merely an error of law or judgment.

{¶ 11} After the jury was sworn, appellant preserved for the record "the motion in limine requesting exclusion of the two doctors under Boaston."  T. at 7.  In *State v. Boaston,* 160 Ohio St.3d 46, 2020-Ohio-1061, 153 N.E.3d 44, paragraph one of the syllabus, the Supreme Court of Ohio held: "State's violation of rule requiring disclosure of

expert opinions in written report required exclusion of expert testimony." Appellant argued although he did receive all medical records in a timely manner, he did not receive any reports from the two doctors in question, and had just received their curricula vitae the day before trial.

{¶ 12} Upon entertaining argument on the issue, the trial court ruled: "To the extent that they're testifying as fact witnesses from what they observed, I'll allow them to testify. I won't permit them to testify as experts." T. at 8. The trial court noted medical records were provided and asked defense counsel "[w]hat other report are you looking for?" T. at 9-10. Defense counsel replied: "What I wanted is if they were going to be permitted to testify as experts, what their findings might be so I'm not surprised by it." T. at 10. The trial court asked defense counsel if she wanted a continuance to obtain additional information, but made it very clear that the doctors would not be giving expert testimony, they would be testifying to "their firsthand observation as a fact witness of what they saw." *Id.* Defense counsel consulted with appellant and then asked the trial court for the continuance "so that we can get written reports from the doctors." T. at 11. The trial court remarked there were no other written reports to receive, and defense counsel argued the following (T. at 12):

They're going to bring in as a demonstrative exhibit skulls and explain the different fractures or whatever. I don't know what they're going to explain is my point.

I do want a continuance if I'm going to do the proper research, talk to these doctors and figure out what they're going to say. I just need to know what they're going to say is my issue which is what I think Rule 16 does.

{¶ 13} The prosecutor explained the demonstrative exhibits were for the doctors to explain what the injuries were and how they were fixed, not how they were incurred. The trial court granted the continuance, noting it was at appellant's request. T. at 13. The trial court then declared a mistrial and defense counsel did not object to the order of mistrial. T. at 14.

{¶ 14} In his appellate brief at 5, appellant argues in ordering the mistrial, "there was no manifest necessity. Nor would the ends of public justice be defeated." Appellant argues the trial court had other remedies available than to declare a mistrial. One was to grant his "request for exclusion of those two doctors from testifying as experts." Appellant's Brief at 6. The trial court did so. The trial court clearly stated they would be testifying as fact witnesses only. Appellant further argues "even if a continuance was a good remedy, there is no need to discharge the jury by granting one." *Id.* Appellant did not argue that a short continuance was needed. In fact, defense counsel argued she wanted to conduct "proper research" and talk to the doctors, even though she had been given their names in a timely manner and could have done so prior to trial. The only items appellant did not receive in a timely matter were the doctors' curricula vitae and as a result, the trial court limited their testimony. A curriculum vitae merely lists an expert's qualifications and does not contain any reports or opinions. The request for the continuance and the subsequent mistrial cannot be attributed to the state. It is not

unreasonable to assume that the continuance would have been rather lengthy and the trial court was not required to "hold" the jury for an indefinite period of time.  The trial court did not abuse its discretion in sua sponte ordering the mistrial; therefore, double jeopardy was not an issue.

{¶ 15} Upon review, we find the trial court did nor err in denying appellant's motion for discharge.

{¶ 16} The sole assignment of error is denied.

{¶ 17} The judgment of the Court of Common Pleas of Licking County, Ohio is hereby affirmed.

By Wise, Earle, J.

Wise, J., P.J. and

Delaney, J. concur.


EEW/db