DECISION AND JUDGMENT ENTRY
{¶ 1} Appellant Kevin W. Tarr appeals his sentence from the Ottawa County Court of Common Pleas on the charge of sexual battery, in violation of R.C. 2907.03(A)(5). Because we find that the trial court made all of the appropriate findings and did not err by imposing more than the minimum sentence, we affirm.
 {¶ 2} On November 21, 2002, the grand jury returned a four count indictment charging Tarr with crimes that occurred on November 16, 2002, involving his daughter. Counts 1 and 2 alleged rape offenses, and Counts 3 and 4 alleged sexual battery. On February 7, 2003, Tarr pled guilty to the fourth count, and the first three counts were dismissed. The trial court sentenced Tarr to a period of incarceration of four years. Tarr appeals from that judgment, setting forth the following three assignments of error:
 {¶ 3} "I. The trial court's sentence is contrary to law and the trial court committed prejudicial error and abused its discretion in finding that the defendant's relationship with the victim facilitated the offense.
 {¶ 4} "II. The trial court's sentence is contrary to law and the trial court committed prejudicial error and abused its discretion in finding that the victim suffered serious physical, psychological or economic harm.
 {¶ 5} "III. The trial court's sentence is contrary to law and the trial court committed prejudicial error and abused its discretion in sentencing appellant to greater than the shortest prison term."
 {¶ 6} All of the assignments of error concern the sentence Tarr received. When sentencing a defendant, R.C. 2929.11(A) requires that the trial court be guided by "the overriding purposes of felony sentencing," which are to protect the public from future crime and to punish the offender. Pursuant to R.C. 2929.11(B), the trial court must impose a sentence "commensurate with and not demeaning to the seriousness of the offender's conduct and its impact upon the victim, and consistent with sentences imposed for similar crimes by similar offenders." Unless a mandatory prison term is required, the trial court has discretion to determine the most effective way of achieving those purposes and principles, but the court must consider factors set forth in subdivisions (B), (C), (D) and (E) of R.C. 2929.12. These factors relate to the seriousness of the offense and the likelihood that the offender will commit future crimes. The sentencing court also may consider additional factors that it finds relevant to achieving the R.C. 2929.11 purposes and principles of sentencing. R.C. 2929.12(A).
 {¶ 7} Tarr was convicted of sexual battery, a felony of the third degree. Pursuant to R.C. 2929.14(A)(3), the prison term range for a third-degree felony is one, two, three, four, or five years.[1] In this appeal, Tarr does not argue that a prison term is inappropriate. Instead, he challenges two of the seriousness factors the trial court found as well as the length of his prison sentence.
 {¶ 8} In the first assignment of error, Tarr argues that the trial court improperly considered the seriousness factor in R.C. 2929.12(B)(6) because, by definition, the sexually battery charge he was convicted of requires a relationship. Tarr pled guilty to sexual battery in violation of R.C. 2907.03(A)(5) which provides "(A) No person shall engage in sexual conduct with another, not the spouse of the offender, when any of the following apply: * * * (5) The offender is the other person's natural or adoptive parent, or a stepparent, or guardian, custodian, or person in loco parentis of the other person." At the sentencing hearing, the trial court addressed the seriousness factors pursuant to R.C. 2929.12(B) and made certain findings, including that "it was the defendant's relationship, the family relationship, which facilitated this offense."
 {¶ 9} In support of the argument that the trial court improperly used his relationship with his daughter as a seriousness factor in considering the sentence, Tarr cites State v. Howard (Sept. 11, 1998), 1st Dist. No. C-971049. In Howard, the defendant pled guilty to failing to provide adequate support for his three children and was given the maximum sentence on each count. On appeal, the First Appellate District noted "In determining that Howard should be imprisoned, the trial court found, in part, that Howard's conduct was more serious than conduct normally constituting the offense because his relationship with the victims facilitated the offense. Nonsupport of a dependent, the offense for which Howard was convicted, by its definition necessarily requires a relationship between the offender and the victim, a person and his or her child. Thus, the evidence is insufficient as a matter of law to support the trial court's conclusion that Howard's conduct was more egregious than any other nonsupport case merely because he is related to his children."
 {¶ 10} Unlike nonsupport of dependents, not all forms of sexual battery require a relationship between the offender and the victim. The factors of R.C. 2929.12 evaluate the seriousness of an offender's conduct, not the elements of the offense.
 {¶ 11} Recently, the Seventh Appellate District reviewed a three-year prison term for a violation of R.C. 2907.03(A)(5) in State v.Freeman, 7th Dist. No. 02-JE-42, 2003-Ohio-6730. In Freeman, the victim was the appellant's 20 year old daughter. The Seventh Appellate District enumerated all of the factors indicating that an offender's conduct is more serious and found that one of those factors applied — the appellant's relationship with the victim, his daughter, facilitated the offense. Id. at ¶ 76.
 {¶ 12} Consequently, we find Tarr's first assignment of error not well-taken.
 {¶ 13} In the second assignment of error, Tarr alleges that the record does not support the trial court's finding pursuant to R.C.2929.12(B)(2) that the victim suffered serious physical, psychological or economic harm because the only basis for this finding was that his daughter was in counseling. Tarr contends that this evidence is insufficient to support such a finding according to State v. Boyd (Sept. 27, 1999), 5th Dist. No. 1999CA00045.[2] Tarr, however, misconstruesBoyd. The issue in Boyd was whether there was sufficient evidence on the record to support the trial court's finding to impose consecutive sentences pursuant to R.C. 2929.14(E)(4)(b).[3] The appellate court questioned the trial court's finding that the victim would be psychologically affected for the rest of her life simply based upon the fact that the victim was currently in counseling and determined that the record was insufficient to support a finding satisfying R.C.2929.14(E)(4)(b). The case does not discuss R.C. 2929.12(B)(2).
 {¶ 14} Furthermore, the victim's undergoing counseling is not the only evidence that she suffered serious psychological harm. She stated at the sentencing hearing that she was suffering "in this lost confusion" and that she was having a lot of trouble understanding what happened. The police report from the incident was attached as part of the pre-sentence report. In that report, his daughter told the officers that her father had been molesting her since she was 17 years old and that she could not talk about these matters because they were uncomfortable. There is also evidence from family members that she has been suffering emotional problems. Therefore, we find that Tarr's second assignment of error is not well-taken.
 {¶ 15} In the third assignment of error, Tarr asserts that the trial court erred by sentencing him to more than the minimum sentence of one year. In its judgment entry filed March 26, 2003, the trial court imposed a four year term of incarceration.[4] Tarr argues that since his victim was not a minor child, since she did not suffer either physically or psychologically, and since he is not likely to recidivate, he should not have received more than a one-year sentence.
 {¶ 16} R.C. 2929.14(B) states that if an offender has not served a previous prison term, the trial court must impose the minimum sentence unless it finds on the record that a minimum sentence would "demean the seriousness of the offender's conduct" or "not adequately protect the public from future crime by the offender or others." Tarr has never served a prison term. Therefore, we must determine whether the trial court made the appropriate findings to impose a prison sentence that exceeds the minimum one year.
 {¶ 17} At the sentencing hearing, the trial court stated: "Since the Defendant has not been to prison before, the Court in sentencing would be required to sentence him to the shortest term of prison unless the Court finds that a sentence of the shortest possible time demeans the seriousness of the offense and does not adequately protect the public, the public in this case being his family, and the Court certainly makes that finding without any difficulty at all."
 {¶ 18} A review of the transcript reveals that the trial court properly evaluated the seriousness and recidivism factors in R.C. 2929.12. The more serious factors included that (1) his daughter suffered serious psychological harm; (2) Tarr's relationship with the victim facilitated the offense; (3) Tarr took advantage of his daughter's emotional vulnerability; (4) Tarr perpetrated the offense while his daughter slept in a drunken stupor; and (5) there was actual penetration that occurred. The trial court found no indicators that the offense was "less serious." The factors that showed that Tarr was more likely to commit future offenses included (1) he had a criminal record; (2) he has a drug and alcohol problem for which he refused to admit or seek help; (3) he engaged in other sexual behavior with the victim; and (4) he did not show genuine remorse for the offense and has not taken responsibility for it. The only indicator that Tarr was less likely to re-offend was that he has led an otherwise law-abiding life since 1984, with the exception of traffic offenses. The trial court balanced the recidivism factors and ultimately concluded that it was more, rather than less, likely that Tarr would commit future offenses.
 {¶ 19} Upon consideration therefore, we find that the trial court did not err in sentencing Tarr to more than the minimum prison term and that Tarr's third assignment of error is not well-taken.
 {¶ 20} Based on the above, we find that substantial justice was done to the appellant, and thus, the judgment of the Ottawa County Court of Common Pleas is affirmed. Appellant is ordered to pay the costs of this appeal.
Judgment Affirmed.
Peter M. Handwork, P.J., Judge, Mark L. Pietrykowski, J., Judge and Judith Ann Lanzinger, J., Judge, concur.
[1] A mandatory prison term was not required, as the victim was not under 13 years of age. See R.C. 2929.13(F)(3).
[2] In his brief, Tarr actually cites to State v. Boyd (July 24, 2000), 5th Dist. No. 1999CA00352, the second appeal on the issue of consecutive sentences. The proposition for which Tarr cites Boyd was originally decided in the September 1999 decision.
[3] R.C. 2929.14(E)(4)(b) requires a finding that "the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct."
[4] According to the transcript filed with this court, the trial court sentenced Tarr to five years in the Ohio Bureau of Rehabilitation and Corrections at the sentencing hearing. Neither Tarr nor the state addressed the fact that the sentence in the judgment entry is inconsistent with the sentence imposed at the sentencing hearing. Perhaps this is because Tarr is actually receiving the benefit of the inconsistency because the judgment entry imposes a shorter sentence or perhaps there is a mistake in the transcript. "It is an invariable rule that a court speaks only through its journal, and where its opinion and its journal are in conflict the latter controls and the former must be disregarded." Andrews v. Bd. of Liquor Control (1955), 164 Ohio St. 275, paragraph three of syllabus. This concept, however, may be in question for sentencing appeals since the Ohio Supreme Court has placed such importance on what is said at the sentencing hearing in State v. Comer,99 Ohio St.3d 463, 2003-Ohio-4165. In any event, neither Tarr nor the state appealed on the basis of the inconsistency, so we will proceed with the sentence as pronounced in the judgment entry.