DECISION AND JOURNAL ENTRY
{¶ 1} Appellant, Larry Dickerson, appeals the order of the Summit County Court of Common Pleas, which denied his motion for a mistrial. Appellant further appeals the admission of certain evidence at trial. This Court affirms.
 I. {¶ 2} Appellant was indicted on February 20, 2004 on one count of aggravated burglary in violation of R.C. 2911.11(A)(1)/(A)(2), one count of felonious assault in violation of R.C. 2903.11(A)(2), one count of menacing in violation of R.C. 2903.22, and one count of criminal damaging or endangering in violation of R.C. 2909.06(A)(1). The matter proceeded to jury trial on January 28, 2005.
 {¶ 3} Prior to the empanelling of the jury, appellant's attorney raised a challenge at side bar conference regarding the complete lack of African-Americans in the jury venire. After the jury was empanelled, the trial court noted appellant's attorney's challenge at side bar and inquired whether counsel had any evidence that the panel was called inappropriately. Appellant's counsel asserted that, while appellant resided in Akron, there was a disproportionate number of jurors on the panel who were from outside municipalities. Appellant's counsel conceded that he did "not know the manner in which this particular venire was drawn together." Appellant asserted that it was unfair and prejudicial to him that there were no African-American jurors in the venire. Appellant then moved for a mistrial and requested that the trial court seat a different jury. The trial court denied appellant's motion for mistrial and the matter proceeded to trial.
 {¶ 4} The jury found appellant guilty on all counts, and the trial court sentenced appellant accordingly. Appellant timely appeals, raising two assignments of error for review.
 II. ASSIGNMENT OF ERROR I
"DICKERSON WAS DENIED HIS RIGHTS UNDER THE EQUAL PROTECTION CLAUSE OF THE FOURTEENTH AMENDMENT TO THE UNITED STATES CONSTITUTION BECAUSE NO MEMBERS OF DICKERSON'S RACE WERE MEMBERS OF HE [sic] JURY VENIRE FOR HIS TRIAL."
 {¶ 5} Appellant argues that the trial court abused its discretion when it denied appellant's motion for a mistrial on the grounds that there were no African-Americans in the jury venire. This Court disagrees.
 {¶ 6} The decision whether to grant or deny a motion for mistrial lies in the sound discretion of the trial court and will, therefore, not be reversed absent an abuse of discretion. State v. Garner (1995),74 Ohio St.3d 49, 59, citing State v. Glover (1988), 35 Ohio St.3d 18;State v. Widner (1981), 68 Ohio St.2d 188, 190. An abuse of discretion is more than an error of judgment; it means that the trial court was unreasonable, arbitrary, or unconscionable in its ruling. Blakemore v.Blakemore (1983), 5 Ohio St.3d 217, 219. An abuse of discretion demonstrates "perversity of will, passion, prejudice, partiality, or moral delinquency." Pons v. Ohio State Med. Bd. (1993), 66 Ohio St.3d 619,621. When applying the abuse of discretion standard, this Court may not substitute its judgment for that of the trial court. Id. In fact, this Court should not reverse the factual findings of the trial court, where there is "some competent and credible evidence" in support of the trial court's findings. Huff v. Huff, 9th Dist. No. 20934, 2003-Ohio-1304, at ¶ 22, quoting Wisintainer v. Elcen Power Strut Co. (1993),67 Ohio St.3d 352, 355.
 {¶ 7} Appellant argues that a mistrial was warranted, because the absence of African-Americans in his jury venire violated his Sixth
Amendment right to a fair jury trial due to the lack of a fair cross-section of the community in the jury venire. In addition, appellant argues that a mistrial was warranted, because the lack of a representative jury venire violated his Fourteenth Amendment right to equal protection.
 {¶ 8} An essential component of the Sixth Amendment right to a jury trial includes the selection of a petit jury from a representative cross-section of the community. State v. Fulton (1991), 57 Ohio St.3d 120,123, citing Taylor v. Louisiana (1975), 419 U.S. 522, 528.
"In order to establish a violation of the fair representative cross-section of the community requirement for a petit jury array under the Sixth and Fourteenth Amendments to the United States Constitution, a defendant must prove: (1) that the group alleged to be excluded is a `distinctive' group in the community; (2) that the representation of this group in venires from which juries are selected is not fair and reasonable in relation to the number of such persons in the community; and (3) that the representation is due to systematic exclusion of the group in the jury-selection process." Fulton, 57 Ohio St.3d at paragraph two of the syllabus, citing Duren v. Missouri (1979), 439 U.S. 357, 364.
 {¶ 9} In this case, appellant cannot establish a violation of the Sixth
Amendment fair representation cross-section of the community requirement, because he presented no evidence that the lack of African-Americans on his jury venire was due to the systematic exclusion of the group in the jury selection process. Appellant's counsel admitted on the record that "I do not know the manner in which this particular venire was drawn together." In fact, appellant presented no evidence regarding the jury selection process in Summit County or any systematic exclusions of any groups from that process. Accordingly, appellant's Sixth
Amendment challenge must fail, and the trial court did not abuse its discretion by denying appellant's motion for mistrial on that ground.
 {¶ 10} The Fulton court further stated that
"[a] defendant may also reasonably bring a federal equal protection challenge to the selection and composition of the petit jury by adducing statistical evidence which shows a significant discrepancy between the percentage of a certain class of people in the community and the percentage of that class on the jury venires, which evidence tends to show discriminatory purpose, an essential element of such cases." Fulton,57 Ohio St.3d at 123-24.
 {¶ 11} While appellant attaches statistics of general demographics of Summit County to his appellate brief, such evidence was not before the trial court for consideration. Appellant nevertheless argues that the trial court could have and should have taken judicial notice of such evidence pursuant to Evid.R. 201, because the demographic information is either "generally known within the territorial jurisdiction of the trial court, or [is] capable of accurate and ready determination by resort to sources whose accuracy cannot reasonabl[y] be questioned." This Court disagrees.
 {¶ 12} Appellant failed to present any evidence regarding demographics before the trial court except for the assertion that the "City of Akron has a black population which is certainly in the 40 some percent range." Appellant ignored the fact that the jury venire would have been pulled from eligible potential jurors throughout Summit County, not just from the City of Akron. In addition, if the statistics now asserted by appellant are generally known within the jurisdiction, appellant could have presented such statistics to the trial court. He did not. Further, while the statistics now asserted by appellant may be capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned, appellant failed to either address such statistics or direct the trial court to any relevant sources. Because appellant failed to present any evidence to the trial court regarding the demographic composition throughout Summit County, rather than only one city in the trial court's jurisdiction, appellant failed to adduce the necessary statistical evidence tending to show a significant discrepancy between the percentage of African-Americans in the community and on jury venires in the community. Accordingly, the trial court did not abuse its discretion by denying appellant's motion for mistrial on equal protection grounds.
 {¶ 13} Appellant's first assignment of error is overruled.
 ASSIGNMENT OF ERROR II
"THE TRIAL COURT COMMITTED REVERSIBLE ERROR BY ADMITTING AT HIS TRIAL EVIDENCE SEIZED DURING A WARRANTLESS SEARCH OF DICKERSON'S GARAGE."
 {¶ 14} Appellant argues that the trial court erred by admitting a bloodstained sweater, which was the fruit of an illegal search. This Court disagrees.
 {¶ 15} The decision to admit or exclude evidence lies in the sound discretion of the trial court. State v. Sage (1987), 31 Ohio St.3d 173,180. This Court, therefore, reviews the trial court's decision regarding evidentiary matters under an abuse of discretion standard of review. An abuse of discretion is more than an error of judgment; it means that the trial court was unreasonable, arbitrary, or unconscionable in its ruling. Blakemore, 5 Ohio St.3d at 219. An abuse of discretion demonstrates "perversity of will, passion, prejudice, partiality, or moral delinquency." Pons, 66 Ohio St.3d at 621. When applying the abuse of discretion standard, this Court may not substitute its judgment for that of the trial court. Id.
 {¶ 16} The appropriate procedural mechanism by which appellant might have challenged the admission of such evidence is through a motion to suppress. A review of the record indicates that appellant failed to move to suppress the admission of the bloodstained sweater prior to trial as required by Crim.R. 12(C). In addition, appellant failed to object to any testimony or presentation of the sweater during trial. Because appellant failed to raise the issue below, he has now waived his right to challenge the legality of the search and subsequent admission into evidence of the sweater found during the search. State v. Widman (May 16, 2001), 9th Dist. No. 00CA007681, citing Schade v. Carnegie Body Co. (1982),70 Ohio St.2d 207, 210. Therefore, this Court need not address the merits of his argument regarding the legality of the search, because appellant's argument is deemed to have been waived.
 {¶ 17} Appellant's second assignment of error is overruled.
 III. {¶ 18} Appellant's assignments of error are overruled. The judgment of the Summit County Court of Common Pleas is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to appellant.
Exceptions.
Slaby, P.J., Moore, J., Concur.